KODIAK FISHING COMPANY, a corporation, and Andreas Arndsen; Lafayette, Inc., a corporation; and Elizabeth F., Inc., a corporation, Plaintiffs,

v.

M/V PACIFIC PRIDE, Official No. 621200, her engines, tackle, furniture and equipment, Defendant.

No. C82–129B.

United States District Court, W. D. Washington, at Seattle.

Feb. 16, 1982.

---

**916**

Gregory J. Wall of Detels, Draper, Madden & Crockett, Seattle, Wash., for plaintiffs.

### ORDER DENYING HEARING AND REQUIRING BRIEF

BEEKS, District Judge.

Plaintiffs seek to foreclose alleged maritime liens, asserting delivery of crab to defendant processing vessel constituted a delivery of necessaries to the vessel which created a maritime lien against it in the amount of the value of the crab delivered. I doubt that plaintiffs acquired a maritime lien. Plaintiffs shall submit a brief on or before February 26, 1982, addressing this issue.

Further, plaintiffs have moved this court to order all parties interested in the PACIFIC PRIDE to appear at a pre-arrest hearing on a date certain. While counsel does not explicitly state the purpose of the proposed hearing, or the need for it, I gather that he is concerned about the constitutionality of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure. I do not share counsel's concern. That the constitutionality of Rule C, pertaining to *in rem* actions, should not be judged by Rule B standards pertaining to *in personam* actions was indicated by me in *Grand Bahama Pet. Co. v. Canadian Transp.*, 450 F.Supp. 447 (W.D.Wash.1978), the first published opinion holding Rule B unconstitutional, wherein I noted the substantive difference between *in personam* and *in rem* proceedings. *Id.* at 460 n.85.

The Court of Appeals to which I am accountable has not passed upon the constitutionality of Rule C. However, the Court of Appeals for the Fifth Circuit, speaking through the Honorable John R. Brown, appointed to the bench in 1955 and probably the most experienced and competent admiralty judge in the United States, has most eloquently and completely demonstrated the constitutionality of Rule C, and related provisions, in *Merchants Nat'l Bank v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338 (5th Cir. 1981), an opinion with which I am in complete agreement. *Amstar Corp. v. S/S ALEXANDROS T.*, 664 F.2d 904 (4th Cir. 1981), decided by the Fourth Circuit Court of Appeals, reaches the same result.

Accordingly, plaintiffs' motion for a pre-arrest hearing is unnecessary and denied.